NILES *v.* MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY CO.

MASTER AND SERVANT — INJURY TO RAILROAD EMPLOYÉ — CONTRIBUTORY NEGLIGENCE.

A locomotive fireman who, having been notified that a track over which he is about to run is new, and that he should be prepared to take care of himself in case of accident, voluntarily, and against the warnings of the engineer, assumes a position in front of the cab, upon the side next to an artificial embankment supporting one rail of the track, is guilty of contributory negligence, precluding a recovery for injuries sustained by the overturning of the engine upon the giving way of the embankment.

Error to Schoolcraft; Steere, J. Submitted November 20, 1895. Decided December 3, 1895.

Case by Celia Niles, administratrix of the estate of Frank Niles, deceased, against the Minneapolis, St. Paul & Sault Ste. Marie Railway Company, for negligently causing the death of her intestate. From a judgment for plaintiff, defendant brings error. Reversed.

*E. C. Chapin* and *A. H. Bright*, for appellant:

An employé assumes the risks usually incident to his employment, and also all those that ordinary observation makes apparent. *Kean* v. *Rolling Mills*, 66 Mich. 277, and cases there cited.

Disobedience of rules and instructions precludes a recovery. *Lyon* v. *Railroad Co.*, 31 Mich. 429; *Grand* v. *Railroad Co.*, 83 Mich. 564, 571; *Brennan* v. *Railroad Co.*, 93 Mich. 156; *Wilson* v. *Railroad Co.*, 94 Mich. 26; *Lockwood* v. *Railway Co.*, 55 Wis. 50, 66.

Where an employé unnecessarily assumes a dangerous position during the course of his employment, and suffers an injury thereby, he cannot hold his master liable. *O'Neill* v. *Railway Co.*, 45 Iowa, 546; *Martensen* v. *Railway Co.*, 60 Iowa, 705; *Brown* v. *Byroads*, 47 Ind. 435; *Wolsey* v. *Railroad Co.*, 33 Ohio St. 227; *Railroad Co.* v. *Thomas*, 51 Miss. 637; *Railroad Co.* v. *Rush*, 84 Ill. 570; *Sinclair* v. *Berndt*, 87 Ill. 174; *Railroad Co.* v. *Sentmeyer*, 92 Pa. St. 276; *Sears* v. *Railroad Co.*, 53 Ga. 630; *Railroad Co.* v. *Jones*, 95 U. S. 439; *Glover* v. *Scotten*, 82 Mich. 373.

The question of the contributory negligence of the decedent was one for the court, and should not have been submitted to the jury. *Brezee* v. *Powers*, 80 Mich. 178; *Sadowski* v. *Car Co.*, 84 Mich. 105.

*J. F. Carey (Clark & Pearl,* of counsel), for appellee:

The question of contributory negligence was properly left to the jury. 1 Shear. & R. Neg. § 86; *Railway Co.* v. *Bayfield*, 37 Mich. 211; *Lake Superior Iron Co.* v. *Erickson*, 39 Mich. 492; *Swoboda* v. *Ward*, 40 Mich. 424; *Teipel* v. *Hilsendegen*, 44 Mich. 462; *Fero* v. *Railroad Co.*, 22 N. Y. 209; *Beisiegel* v. *Railroad Co.*, 34 N. Y. 622; *Ernst* v. *Railroad Co.*, 35 N. Y. 9; *Beers* v. *Railroad Co.*, 19 Conn. 566; *Newbold* v. *Mead*, 57 Pa. St. 487; *Gardner* v. *Railroad Co.*, 150 U. S. 349.

HOOKER, J. The plaintiff recovered a judgment against the defendant, in the capacity of administratrix of the estate of her husband, in an action for negligently causing his death. The accident occurred upon a spur of the defendant's railroad, at a point where the road was constructed upon ground formed partly by an excavation in the side of a hill, and partly by the fill made by

the excavated earth, whereby one side of the track was apparently upon undisturbed ground, and the other upon made ground. The engine turned over as the track slid down the bank, killing the intestate, who was fireman upon the locomotive, and who, at the time, was standing upon a platform in front of the cab window, upon the side next the fill, engaged in cleaning the dome of the engine. The train was a gravel train, engaged in surfacing up the track, then in process of completion.

The undisputed evidence shows that the superintendent of this work directed the men to proceed with caution, and to be prepared to take care of themselves, for the track was new, and he did not know that an engine had been over it. This was repeated just before the start, and was in the presence of the fireman in both instances. The engineer afterwards told deceased, two or three times, to come to his place in the cab, but he looked at the grade and replied, "Oh, this is all right," and did not come. He was subsequently found under the dome of the engine, dead.

This evidence, being undisputed, left no question for the jury. The court should have directed a verdict for the defendant, in view of the contributory negligence of the deceased, who, when warned of hidden danger, chose to assume the risk.

The judgment will be reversed, and no new trial ordered.

The other Justices concurred.